COPY

IN THE CIRCUIT COURT FOR SCOTT COUNTY, TENNESSEE
AT HUNTSVILLE

FILED
DATE 3/6/15 TIME 3:10 P.M.
DONNIE PHILLIPS, CLERK

| | |
|---|---|
| JOHNNIE DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 8819 |
| GREAT DANE TRAILERS, LLC and ) | |
| CRA TRAILERS TENNESSEE, INC. and ) | |
| GREAT DANE TRIALERS TENNESSEE, ) | |
| INC., and GREAT DANE LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff and would show unto the Court the following:

1. The Plaintiff is and at all times mentioned herein was a citizen and resident of Scott County, Tennessee. At all times mentioned herein the Plaintiff, Johnnie Daugherty, was employed as a laborer for the Defendants.

2. The Defendants, Great Dane Trailers, LLC and CRA Trailers Tennessee, Inc. and Great Dane Trialers Tennessee, Inc., and Great Dane Limited hereinafter ("the Defendant" or "Great Dane") do not have a registered agent, and as such, process with regards to the Defendant, Great Dane, may be obtained on the managing agent and/or plant director at the Huntsville, Tennessee plant located at 470 Huntsville Drive, Huntsville, Tennessee 37756 pursuant to Rule 4 of the <u>Tennessee Rules of Civil Procedure</u>. At all times mentioned herein, the Defendant, Great Dane, was the employer of the Plaintiff, Johnnie Daugherty.

3. This cause of action is being brought against the Defendant to redress the violation of the Plaintiff's civil and human rights. Furthermore, this cause of action is being brought

for the wrongful discharge of the Plaintiff, and is being brought against the Defendant for recovery of economic injuries as a result of the Plaintiff having been discharged from his employment by the Defendant on or about January 7, 2015.

4. This is a proceeding for the enforcement and protection of human rights and protection for the employment of individuals under the laws of the State of Tennessee and for the policies and laws recited in the Tennessee Human Rights Act, and more particularly for the enforcement of the law and protection of human rights as reported in Section 4-21-101, et seq. of the Tennessee Code Annotated. Moreover, this cause of action is being filed because the Defendant terminated the Plaintiff in order to retaliate against him for having filed a workers' compensation claim and in order to replace the Plaintiff with a non-disabled worker. This cause of action is also being filed for a breach of an implied and/or expressed contract of employment, and intentional infliction of emotional distress occasioned by the Defendant through its agents, servants and employees. This cause of action is also being filed as a complaint for damages for breach of an employment relationship, and it is being brought as a claim for age discrimination.

5. That the Plaintiff, Johnnie Daugherty, at all times mentioned herein was a 43 year old male employee of the Defendant. The Plaintiff had been employed with the Defendants for nearly three (3) years. Moreover, during the Plaintiff's employment, the Plaintiff continuously received good, if not, excellent work evaluations. The Plaintiff planned to remain in his position as a laborer and to otherwise move up the chain in the company while employed with the Defendant until he retired in order to maintain and provide for his family and himself a decent lifestyle. Unfortunately, on or about January 7, 2015, the Plaintiff was wrongfully terminated from his job and thereafter discharged by the Defendant, through its agents, servants and employees. The Plaintiff, at all time mentioned herein was subject to discriminatory practices based on his age, and the Plaintiff

belongs to a group of individuals for whom protection is afforded pursuant to T.C.A.§4-21-101 et. seq. of the Tennessee Human Rights Act. That the Plaintiff at all time mentioned herein, was terminated in part, among other things, because of his age and was otherwise declined employment opportunities in order to that the Plaintiff could be replaced by a substantially younger employee than the Plaintiff.

6. The Plaintiff would further show unto the Court that the Defendant, through its agents, servants, and employees, otherwise engaged in such activity whereby the Plaintiff was punished for exercising his workers' compensation rights and/or otherwise would be made an example in order that the Defendant could advance its own agenda and in order to show the Plaintiff that the Defendant could discharge the Plaintiff from his employment, whether fair or not, for the Plaintiff having exercised his legal rights to workers' compensation benefits, all for which the Defendant, though its agents, servants, and employees, desired to cause economic consequences to the Plaintiff and his standing in the community. The Plaintiff would further show unto the Court that the Defendant, through its agents, servants, and employees, discriminated and otherwise retaliated against the Plaintiff as a result of him having exercised his right to enjoy workers' compensation benefits.

7. That the Plaintiff, Johnnie Daugherty, at all times mentioned herein was an employee of the Defendant, and the Plaintiff had an expressed and/or implied contract of employment with the Defendant that included the right not to be terminated from his employment without good cause, the right not to be terminated from his employment without notice and an opportunity to be heard, and the right to be dealt with fairly and in good faith by his employer, Great Dane. Also, the Plaintiff had a property interest in his labor and the right to work in his position without fear of reprisal because he had exercised certain vested rights to which he was entitled as a result of the Plaintiff

3

having filed a workers' compensation claim brought about by his on-the-job injuries, which the Plaintiff had sustained on or about July 17, 2013 and for which the Plaintiff was under the care of an authorized treating physician and had to otherwise take time off as a result of this on-the-job injury which he sustained in the course and scope of his employment with Great Dane. Despite these facts, the Plaintiff was wrongfully, willfully, deliberately, and maliciously discharged from his employment, and the Plaintiff was also discriminated against because of his age and for having exercised his rights pursuant to Workers' Compensation Law and for having sustained on-the-job injuries, on-the-job disabilities and handicaps, in order to preclude the Plaintiff from obtaining the benefits of his employment, in the twilight years of his employment, and at a time when the Plaintiff could not find comparable employment and/or the Plaintiff's ability to obtain new employment would be diminished because of his age and the injuries and disability which he sustained as a result of his on-the-job injuries with the Defendant, Great Dane. All of which resulted in economic hardships to the Plaintiff.

8. That the acts and/or omissions complained of herein were committed in such a manner as to constitute grave unfairness in the discharge of the Defendants' ethical and legal responsibilities to the Plaintiff. That the Plaintiff had certain contractual, statutory and vested rights, and the acts and omissions complained of herein constituted conduct that was arbitrary; shocking to the conscience of the community; and in violation of the duty of good faith and fair dealing.

9. The Plaintiff would show unto the Court that the Defendant, through its agents, servants, and employees, terminated the Plaintiff without just cause in order to retaliate against the Plaintiff. The Plaintiff would further show unto the Court that the Defendant through its agents, servants, and employees took such action to terminate the Plaintiff in such a manner as to operate or relieve the Defendant in whole or in part of obligations created by Workers' Compensation Laws.

10. That the Plaintiff contends that he had an expressed and/or implied contract of employment with the Defendant and maintained a right not to have his employment terminated without good cause based upon the totality of the circumstances of his employment and because the Defendant had made certain representations to the Plaintiff and other employees that the Plaintiff could expect continued employment including but not limited to the following:

    a. The length of his employment with the Defendant for nearly three (3) years.

    b. The Defendant created the impression that they treated their employees fairly and looked out for the rights of their employees by representing to the Plaintiff and other employees that the Defendant was committed to equal opportunity for individuals.

    c. The good attendance record of the Plaintiff.

    d. Good if not excellent work and job performance evaluations for nearly eight (8) years.

11. At some point in time the Defendant commenced upon a scheme, device and/or action to terminate the Plaintiff from his employment without cause. In furtherance of their plan, scheme, and device, the Defendant:

    a. Terminated the Plaintiff from his employment;

    b. Terminated the Plaintiff for pre-textual grounds by representing to the Plaintiff that somehow he voluntarily relinquished his employment which was totally inaccurate. Moreover, the Plaintiff would show unto the Court that even if Defendant had any policy in support of its pre-textual decision to terminate the Plaintiff, this policy was not equally enforced and the Plaintiff was treated differently due to his age, the injuries which he sustained on-the-job and his handicaps and

5

disabilities.

  c.  Terminated the Plaintiff at a time when the Defendant knew or in the exercise of reasonable care should have known that at Plaintiff's age and because of his handicaps and because of the severe and debilitating injuries which he sustained in the course and scope of his employment on or about July 17, 2013 would have difficulty finding a comparable job.

  d.  The Defendant's actions were conducted in retaliation for the Plaintiff having sustained on-the-job injuries and having pursued his rights to workers' compensation benefits, and the actions were taken as a result of the Plaintiff having sustained, at that time, restrictions, limitations or handicaps when he should have otherwise been afforded fair treatment and good faith dealings as other employees otherwise employed by the Defendant.

  e.  That the termination of the Plaintiff would cause the Plaintiff severe emotional distress.

  12.  The Plaintiff would further show unto the Court that the Defendant through its agents, servants and employees have violated the following state statutes which are incorporated fully herein by reference and will be read in their entirety at the trial of this cause, to wit:

  T.C.A. §4-21-401 -  <u>Employer Practices</u>

  T.C.A. §50-6-114(a) - <u>No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this Chapter, except as herein provided.</u>

  T.C.A. §8-50-103 -  <u>Employment of the Handicapped - Discrimination Prohibited</u>

6

13. That on or about July 17, 2013, while the Plaintiff was employed in the course and scope of his employment and was otherwise assisting a fellow co-worker in unloading some trailers in the course and scope of his employment he was pinned between two trailers and otherwise crushed in the course and scope of his employment. Following this incident which otherwise happened in the course and scope of the Plaintiff's employment with the Defendant, the Plaintiff sustained injuries to his abdomen, stomach, back laceration of his liver, internal bleeding and other internal injuries and other injuries sustained when a person's body is crushed between two strong objects. That following this injury, the Plaintiff was required to undergo significant medical treatment and at the time of his termination was under the care of an authorized treating physician for injuries which he has sustained in the course and scope of his employment.

14. That the violation of the foregoing statute and the intentional acts of the Defendant was a direct and proximate cause of various damages sustained by the Plaintiff. That the Plaintiff, Johnnie Daugherty, has been denied employment, has sustained damages including but not limited to a loss of earnings, a loss of future earnings, potential bonuses and employment benefits, and personal injuries including humiliation and embarrassment, and emotional distress caused by the Defendant's discriminatory and unlawful practices, and the Plaintiff has also incurred certain costs and expenses incidental to the filing of this cause of action, including attorney fees.

WHEREFORE, the Plaintiff demands:

1. That proper process issue and be served upon the Defendant, and that the Defendant be required to answer this Complaint within the time required by law, but not under oath, its oaths being waived.

2. That the Plaintiff be restored to his employment as a laborer for the Defendant.

7

3. That the Plaintiff be declared to retain all salary, fringe benefits, credits, and other employment benefits to which he was otherwise entitled based upon his employment relationship with the Defendant.

4. That if it is impractical to restore the Plaintiff to his employment that the Plaintiff be awarded compensatory damages inclusive of his costs and attorney fees as the Court deems proper under the law and evidence, not exceed Sixty-Five Thousand Dollars ($65,000.00), including attorney fees.

5. That Plaintiff be awarded as part of the judgment a sum equal to the aggregate amount of cost and expenses determined by the Court to have been reasonably incurred by the Plaintiff in the prosecution of this action, including, but not limited to attorney fees, costs and such other damages as the Court considers necessary and proper under the law in evidence, not to exceed Sixty-Five Thousand Dollars ($65,000.00).

6. That a jury determine the issues of this cause.

7. That the Plaintiff be granted such further and general relief to which he may be entitled under the law and evidence.

JOHNNIE DAUGHERTY

BY: _____
Ameesh A. Kherani BPR 030218
David H. Dunaway, BPR 0491
Attorneys for Plaintiff
100 S. Fifth Street
Post Office Box 231
LaFollette, Tennessee 37766
LaFollette: 423/562-7085
Knoxville: 865/524-3670

8

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120.

_____
Principal
Johnnie Daugherty
3085 Low Gap Road
Helenwood, TN 37755-5450

_____
Surety
David H. Dunaway & Associates
Attorneys for Plaintiff
P.O. Box 280
LaFollette, TN 37766
(423) 562-7085

9